UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AMERICAN STEAMSHIP CO.,
a New York corporation, and
ARMSTRONG STEAMSHIP CO.,
a Delaware corporation,

        Plaintiffs,

v.          **MEMORANDUM OF LAW & ORDER**
        Civil File No. 09-2628 (MJD/LIB)

HALLETT DOCK CO., a Minnesota
corporation,

        Defendant.

Brent L. Reichert and Gerardo Alcazar, Robins Kaplan Miller & Ciresi LLP, Counsel for Plaintiffs.

David R. Hornig and Guerric S. D. L. Russell, Nicoletti Hornig & Sweeney, and Scott A. Witty and John D. Kelly, Hanft Fride PA, Counsel for Defendant Hallett Dock Co.

## I.   INTRODUCTION

This matter is before the Court on Defendant's Objection to the Cost Judgment entered in this case on May 21, 2013, by the Clerk of Court. [Docket No. 497]

## II.  STANDARD

"Except as otherwise provided by Act of Congress, the allowance and taxation of costs in admiralty and maritime cases shall be prescribed by rules promulgated by the Supreme Court." 28 U.S.C. § 1125. Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." "A prevailing party is presumptively entitled to recover all of its costs." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007) (citation omitted). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs. . . ." Id. Defendant has provided no convincing reason to overcome its burden in this case.

Federal statute provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

2

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54(d)(1) further provides that the Clerk of Court may tax costs and, on a motion for review, the Court may review the Clerk's action. The Court conducts a de novo review of the Clerk of Court's taxation of costs. See, e.g., In re Paoli Railroad Yard PCB Litig., 221 F.3d 449, 461 (3d Cir. 2000).

Here, after prevailing at trial, Plaintiffs moved for costs on March 25, 2013. The Clerk of Court entered a Cost Judgment for $16,224.87 on May 21, 2013. [Docket No. 495] Defendant Hallett Dock Co. ("Hallett") has now filed objections to that Cost Judgment.

III. FORM OF PLAINTIFFS' REQUEST FOR COST AWARD

Defendant's first objection is that Plaintiffs failed to use the correct form to request costs from the Clerk of Court. Instead, Plaintiffs filed a motion, with

supporting documents, which Defendant argues should have been decided by the undersigned Judge.

Under Local Rule 54.3(c)(1), a party seeking costs must file and serve a verified bill of costs using a form available from the Clerk's Office. In this case, initially, Plaintiffs failed to use the required form; however, they filed a motion, memorandum, and declaration clearly setting forth the required substance and more. Additionally, with their Reply, Plaintiffs filed the correct Bill of Costs form. The Court concludes that Plaintiffs' failure to technically comply with the Local Rules by using the form in their initial filing does not merit denial of the request which, in substance, complies with the Local Rules. As required by the Local Rules, the Clerk of Court issued the Cost Judgment, and, based on Defendant's objections, this Court will now conduct a de novo review.

## IV. DISPUTED WITNESS FEES

Defendant objects that Plaintiffs have attempted to recoup witness costs for witnesses who did not testify at trial. First, Defendant objects that Neil Kent did not testify at trial. Plaintiffs did, in fact, call Neil Kent as a trial witness, and he testified on the first day of trial. (See Feb. 5, 2013 Court Minutes [Docket No. 450].) This objection is overruled.

Second, Defendant objects that Clyde Jago was not called by Plaintiffs at trial and, instead, Jago was called by Defendant. Plaintiffs retort that, although Defendant called Jago as a witness, Plaintiffs did pay Jago a $40 witness fee and he testified and was questioned by Plaintiffs at trial. (See Feb. 20, 2013 Minutes [Docket No. 465].) The Court concludes that Plaintiffs are entitled to recover the witness fee paid to Jago because they had a "good faith expectation that witnesses might be called and had to be made available for that eventuality." Montgomery County v. Microvote Corp., Civil Action No. 97–6331, 2004 WL 1087196, at *7 (E.D. Pa. May 13, 2004) (citation omitted). Plaintiffs expended the costs awarded, and in fact, Jago was called – just not by Plaintiffs –, was examined by Plaintiffs, and provided testimony reasonably necessary for Plaintiffs' case.

## V. DISPUTED DEPOSITION COSTS

Defendant objects that Plaintiffs should not be awarded deposition expenses for witnesses employed by settling co-Defendants. Specifically, it objects to the depositions of David Whitehead of Fraser Shipyards, Inc. ("Fraser"); Gene Walroos of Fraser; and Michael Podgorak of Chris Jensen & Sons Co., Inc. Defendant claims that the deposition expenses incurred in taking

5

those depositions related to claims against the other co-Defendants, and not against Hallett, so they were not reasonably necessary to Plaintiffs' case against Hallett at the time of their taking.

Plaintiffs called all three of these deponents to testify at trial, in which Hallett was the sole remaining Defendant. The Court has presided over this entire case, including the trial, and concludes that the depositions for these three witnesses were reasonably necessary to Plaintiffs' case against Hallett at the time they were taken.

Overall, the Court has conducted a de novo review of the Clerk's Cost Judgment and concludes that it is correct. Plaintiffs are entitled to their costs and the costs awarded are permitted by statute and adequately supported in the record. The Court overrules Defendant's Objection to Clerk's Cost Judgment. [497]

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Objection to Clerk's Cost Judgment [497] is **OVERRULED** and the May 21, 2013 Cost Judgment [Docket No. 495] is **AFFIRMED**.


Dated:  June 26, 2013                     s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court